# Tyler *vs* Trabue.

### APPEAL FROM THE BARREN CIRCUIT.

### *Evidence.. Contracts.*

JUDGE SIMPSON delivered the opinion of the Court.

G. W. & C. C. TRABUE made their promissory note to Charles F. Raymond for two hundred and forty four dollars and twenty eight cents, payable at the United States Bank of Pennsylvania. It bears date the 16th of September, 1838, and is made payable four months after date.

It was endorsed in blank by Charles F. Raymond, the payee, and transferred by him before its maturity, to William Tyler, the plaintiff in error, for a valuable consideration.

Tyler instituted a suit thereon by petition, against the maker. The plea of payment was filed and relied upon in defence, it being agreed by the parties that any special matter might be given in evidence on the trial. By consent, the whole case, embracing the law and facts, was submitted to the Court without the intervention of a jury; and a trial being so had, a judgment was rendered in bar of the plaintiff's action.

It was proved upon the trial, by the payee of the note, that its full amount had, after it became due, been paid to him by the makers. No evidence was adduced of notice to the defendants, of the transfer of the note to the plaintiff, before the time of its payment.

The plaintiff offered to prove upon the trial, that according to the law of Pennsylvania, the note sued on is negotiable. That if endorsed in blank, and passed to the plaintiff before maturity, for a valuable consideration, he would be entitled to recover the amount specified in it, with interest and costs of protest; and it would be no defence, that after it became due it had been paid off by the maker to the payee. That such a note stands upon the same footing as negotiable instruments under the general law merchant in other States and countries; and payment to any person but the holder having the note in his possession, is made at the peril of the party making the payment.

To establish such to be the law of Pennsylvania, the depositions of eminent lawyers were offered, and rejected as incompetent. The admissibility of this evidence is the main question to be considered.

The note sued on being made payable in the State of Pennsylvania, is to be governed, as to its validity, nature, obligation, and interpretation, by the law of the place of performance; (*Story's Conflict of Laws*, 233; 2 *Kent. Com.*, 393, 394;) *Con & Dick* vs *United States*, (6 *Peters*, 203.)

Inasmuch as the payment made would, according to the laws of Pennsylvania, be insufficient to defeat the plaintiff's action, the evidence offered was material and pertinent, and consequently admissible, if the law of that State on this subject, can be established by proof of that character.

Foreign laws or those of a sister State, are to be proven as any other facts. The manner in which the written laws of other States are to be proved, has been heretofore considered by this Court in the cases of *Taylor* vs *Bank of Illinois*, (7 *Monroe*, 584; and *Chamberlain* vs *Maitland & Co.*, (5 *B. Monroe*, 449,) and in other cases. But the unwritten laws, customs and usa-

Notes payable in a particular place are governed as to their validity, nature, obligation and interpretation by the law of the place of performance: (*Story's Conflict of Laws*, 233; 2 *Kent. Com.* 393-4; 6 *Peters*, 203.)

Foreign laws or those of sister States, are proved as other facts. Written laws as decided in (7 *Monroe*, 584; 5 *B. Monroe*, 449.) The unwritten laws and customs ordinarily by parol

TYLER
vs
TRABUE.

evidence—com-
petent witnesses
instructed in the
law;    Story's
Conflict of Laws,
530.)

ges of other States, have to be established by testimony of a different character. They may, and indeed must be, ordinarily proved by parol evidence. The usual course is to make such proof by the testimony of competent witnesses, instructed in the law, under oath: (*Story's Conflict of Laws*, 530, *and the authorities cited.*) From the very nature of this part of the law, its proof in any other mode is nearly impracticable. The law as attempted to be proved by the defendant, is not a statutory or written law of the State of Pennsylvania, but the unwritten law as established and expounded by a series of judicial decisions, by the Supreme Court of that State. It can, therefore, be proved by the testimony of witnesses instructed in the laws of that State, and the evidence offered was competent for this purpose.

It has indeed been contended, that although the note is made payable at the United States Bank of Pennsylvania, it does not thereby follow that the place of payment designated, is in the State of Pennsylvania. Whether the face of the writing would or not be sufficient to establish this fact, is not deemed material, as it is fully proved by the other evidence in the record.

Whether the note sued on belonged to the plaintiff or to the payee, Raymond, at the time of its payment, is a question of fact, upon which the plaintiff's right of recovery will mainly depend, upon the return of the cause to the Court below. It, therefore, becomes necessary that we should decide the question made and relied upon, in reference to the competency of Raymond as a witness for the defendant.

A witness whose
interest is  in
equipoise,   is
competent.

Since the payment was made to the witness he has become a bankrupt, and obtained a regular certificate of discharge. He is, consequently, released from all liability to the makers of the note, to refund to them the money received by him, in the event that they are compelled to pay the note to the plaintiff. Had he, however, not obtained a discharge in bankruptcy, we do not perceive any reason upon which his testimony could be excluded. His liability to the defendants would not exceed his liability to the plaintiff upon the loss of the suit by either, so that his interest in the result would be

in a state of equipoise, and not affect his competency as a witness for either party. We think, therefore, the objection to his testimony was properly overruled.

But for the error committed in excluding the parol evidence in relation to the law of the State of Pennsylvania, affecting the nature of the contract sued on, and the rights of the parties under it, the judgment is reversed and cause remanded for a new trial and further proceedings consistent with this opinion.

*J. G. Rogers* for appellant; *B. & A. Monroe* for appellee.